UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

OSVALDO RUBIO,

      Petitioner,

v.                                       CASE NO. 5:10-cv-00347-Oc-10TBS

WARDEN, FCC Coleman USP

      Respondent.

_____/

## ORDER

Petitioner Osvaldo Rubio ("Petitioner"), an inmate currently incarcerated at the Coleman Federal Correctional Complex in Coleman, Florida, filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 11, filed November 5, 2010). Respondent filed a response to the amended petition (Doc. 16, filed February 14, 2011). Petitioner filed a reply (Doc. 17, filed March 14, 2011).

In his petition, Petitioner argues that: (1) his sentence was improperly enhanced at his 1990 sentencing because subsequent United States Supreme Court decisions have determined that the underlying conviction used to do so was not a qualifying violent felony for enhancement purposes; and (2) he did not receive timely notice of the Government's intent to use his prior DUI conviction to enhance his sentence (Doc. 1).

Upon consideration of the amended petition, the response, the reply, and the record of Petitioner's criminal court proceeding, the Court determines that the petition is due to be dismissed as an improper filing under § 2241.

## I.    Background

On June 13, 2000, Petitioner was indicted by a federal grand jury for conspiracy to

possess with the intent to distribute approximately 1000 grams of cocaine in violation of 21 U.S.C. § § 841(a)(1) and 846 (count one) and possession with the intent to distribute approximately 1000 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) (count two) (Criminal Case No. 8:00-cr-196-T-JDW).[1]

Pursuant to a plea agreement, Petitioner entered a guilty plea to count one of the indictment (Cr. Doc. 52).  However, upon discovering that the Government intended to seek career criminal offender status based upon a prior felony DUI charge, Petitioner moved to withdraw his guilty plea (Cr. Doc. 81).  The motion to withdraw his guilty plea was granted, and Petitioner proceeded to trial (Cr. Doc. 95).  After a jury trial, Petitioner was convicted on both counts.  The sentencing court determined that Petitioner was a career offender pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1 and sentenced Petitioner to concurrent terms of 327 months imprisonment on counts one and two, four years of supervised release, and a special assessment of two hundred dollars (Cr. Doc. 106, 119, 120).  The Eleventh Circuit Court of Appeals affirmed his conviction (Cr. Doc. 121, 138); *United States v. Rubio*, 317 F.3d 1240 (11th Cir. 2003).

On February 11, 2004, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Cr. Doc. 141).  The district court denied Petitioner's motion, and the Eleventh Circuit affirmed (Cr. Doc. 143).   Subsequently, Petitioner filed a "Motion to Compel the Court to Correct an Illegal Sentence" in which Petitioner moved the Court to vacate his sentence and conviction due to an alleged sentencing error.  The Court dismissed the motion as an unauthorized successive § 2255 motion (Cr. Doc. 146, 148).

---

[1] Docket entries in Criminal  Case No.8:00-cr-196-T-JDW will be referred to as "Cr. Doc."

Petitioner filed another 28 U.S.C. § 2255 motion on April 17, 2009, which was again denied as an unauthorized successive § 2255 motion (Cr. Doc. 149).

The instant petition for habeas relief was filed on July 29, 2010.  Petitioner argues that a prior conviction for driving while intoxicated causing serious bodily harm was used as an underlying predicate felony for his designation as a career offender and that pursuant to *Begay v. United States*, 553 U.S. 137 (2008), driving under the influence of alcohol can no longer be used as a predicate crime of violence for career-offender designation. Thus, he argues, he has never been a career offender, and he is actually innocent of the career offender designation (Doc. 1 at 3).  Petitioner also argues that the district court lacked jurisdiction to sentence him as a career offender because he did not receive his due process and statutory rights to notice of the government's intent to use his prior DUI conviction for enhancement purposes (Doc. 11 at 4).  Respondent counters that: (1) a challenge to a guidelines error is not cognizable on collateral review; and (2) the instant petition does not meet the requirements of § 2255's savings clause because Petitioner was not convicted of a non-existent offense.  Accordingly, Respondent argues, Petitioner's claims are procedurally barred because they attack the validity of his conviction and sentence rather than the means of its execution, and should have been brought under 28 U.S.C. § 2255 (Doc. 15 at 4-5).

## II.    Discussion

Petitioner has styled this action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255(a); *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).  Because Petitioner's previous § 2255 motions were denied by "the court which imposed [his] sentence," Petitioner

may not file another § 2255 motion without first receiving permission from the appropriate

United States Court of Appeals, which Petitioner has failed to do.[2] 28 U.S.C. § 2255(h); *Darby*

*v. Hawk–Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005) ("When a prisoner has previously filed

a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a

successive § 2255 motion."). Because Petitioner is barred from filing this motion under §

2255, he filed his petition for habeas corpus pursuant to 28 U.S.C. § 2241. However, §

2255(e) expressly limits the circumstances under which a federal prisoner may file such a

petition.

### A.  Application of the Savings Clause

Under § 2255(e)'s savings clause, a prisoner may file a § 2241 petition if an otherwise

available remedy under § 2255 is inadequate or ineffective to test the legality of his detention.

The clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is
> authorized to apply for relief by motion pursuant to this section, shall not be
> entertained if it appears that the applicant has failed to apply for relief, by
> motion, to the court which sentenced him, or that such court has denied him
> relief, ***unless it also appears that the remedy by motion is inadequate or
> ineffective to test the legality of his detention.***

28 U.S.C. § 2255(e) (emphasis added). In *Wofford v. Scott*, the Eleventh Circuit interpreted

this provision to mean that the savings clause applies when: (1) a claim is based upon a

retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court

decision establishes that the petitioner was convicted for an offense that is now nonexistent;

---

[2] A second, or successive 28 U.S.C. § 2255 motion must be certified to contain: 1) newly discovered
evidence that, when viewed as a whole would be "sufficient to establish by clear and convincing evidence that
no reasonable fact finder would have found the movant guilty of the offense"; or (2) a new rule of constitutional
law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable. 28
U.S.C. 2255 (h)(1)-(2).

and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion. 177 F.3d 1236, 1244 (11th Cir. 1999). All three *Wofford* requirements must be met before the savings clause may be utilized to seek habeas relief. *See Dean v. MacFadden*, 133 Fed. Appx. 640, 642 (11th Cir. 2005).[3]

Under these requirements, the only sentencing claims in the Eleventh Circuit "that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." *Wofford*, 177 F.3d at 1245; *see also Edwards v. Warden, FCC Coleman–Medium*, 432 Fed. Appx. 897, 899 (11th Cir. 2011) ("There is no precedent in this circuit for applying the savings clause to sentence claims."). Recently, the Eleventh Circuit determined that "the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence **not exceeding the statutory maximum**." *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (emphasis added).

### 1. *Claim One*

In his first claim, Petitioner claims that he is actually innocent of being a career criminal because the district court used a prior conviction for driving under the influence to enhance his sentence under the career criminal provisions of the sentencing guidelines (Doc. 1 at 3). Petitioner cites *Begay v. United States*, 128 S. Ct. 1581 (2008) as a retroactively applicable Supreme Court decision which determined that a prior conviction for driving under the influence of alcohol could not be used to trigger career criminal enhancement. It is

---

[3]This is an unpublished decision and is persuasive, but not binding, authority pursuant to Eleventh Circuit Rule 36–2. The Court notes this same rule applies to other Fed. Appx. cases cited herein.

unnecessary for this Court to consider the applicability of *Begay* to this case because even assuming, *arguendo*, that Petitioner had <u>no</u> prior violent felony convictions, his sentencing range would have been five to forty years in prison, without enhancements applied. 21 U.S.C. 841(B)(1)(B)(iii).  Because Petitioner's sentence of 327 months fell within the statutory range for the crimes for he was convicted, claim one is not within the ambit of the § 2255(e) savings clause. *See Gilbert*, 640 F.3d at 1323.

### 2.   *Claim Two*

In his second claim, Petitioner argues that the sentencing court lacked jurisdiction to sentence him as a career criminal because the procedural requirements of 21 U.S.C. § 851(a) required the Government to file a written information with the Court stating its intent to rely on Petitioner's DUI conviction for enhancement purposes prior to trial (Doc. 1 at 11).[4]  Petitioner argues that the Government did not comply with § 851, and therefore, this Court must now resentence him because "jurisdiction errors cannot be waived, forfeited, procedurally barred, nor conferred by the parties." (Doc. 1 at 13).

Petitioner cites no retroactively applicable Supreme Court decision over turning circuit precedent to support his claim.  Instead, Petitioner cites statutory law and Eleventh Circuit case law which indicates that a trial court errs pursuant to 21 U.S.C. § 851(a) when it fails to require the Government to provide written notice of the particular prior convictions it intends to use for enhancement purposes. Indeed, the Eleventh Circuit has consistently held that a district court lacks jurisdiction to enhance a sentence unless the Government strictly complies

---

[4] 21 U.S.C. § 851(a)(1) holds that "no person convicted of any offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court . . . stating in writing the previous convictions to be relied upon."

with the procedural requirements of § 851(a). *See e.g. Harris v. United States*, 149 F.3d 1304, 1306 (11th Cir. 1998). Notice of the Government's strict compliance with 21 U.S.C. § 851(a)(1) is not immediately apparent from Petitioner's criminal court docket. [5] However, Petitioner does not explain how circuit law "squarely foreclosed" him from bringing this claim at trial, on appeal, or in his first § 2255 motion. This claim fails to meet the *Wofford* requirements necessary to utilize § 2255's savings clause to seek habeas relief under § 2241.

Contrary to Petitioner's argument, even when a petitioner claims jurisdictional defects in the underlying criminal trial, he may not avail himself of the § 2241 remedy unless the savings clause criteria are also met. *See Wofford*, 177 F.3d at 1238, 1245 (applying the *Wofford* criteria to a claim that the trial court lacked jurisdiction over a petitioner's underlying criminal conviction). Moreover, because Petitioner's sentence of 327 months fell within the statutory range for the crime of which he was convicted, this claim is not within the ambit of the § 2255(e) savings clause. *See Gilbert*, 640 F.3d at 1323.

### B.    Applicability of Wofford v. Scott to Claims Under § 2241

Petitioner appears to concede that under *Wofford v. Scott*, the savings clause does not apply to his petition. Instead, Petitioner argues that *Wofford* should not be used by this Court to restrict filings under 28 U.S.C. § 2241 to those which fall under § 2255's savings clause. Specifically, Petitioner argues:

---

[5] It is, however, clear from the record that prior to his trial, Petitioner was aware that the Government intended to use his prior DUI conviction for enhancement purposes (Cr. Doc. 81 at 2). Petitioner was allowed to withdraw a guilty plea becausethe Government had not informed him, until after his plea, that it intended to seek sentencing as a career offender based on his prior DUI conviction (Cr. Doc. 81). Subsequently, *after* he was informed of the Government's intent to seek enhanced sentencing, Petitioner proceeded to trial (Cr. Doc. 99, 100). Petitioner's argument that he was not "informed by the prosecution, his attorney nor the court that he stood the possibility of having his sentence enhanced by way of prior convictions prior to his trial" lacks credibility because it is refuted by the criminal court record. *See* Cr. Doc. At 81, 82, 83, 84.

> The ruling in *Wofford* attempts to rewrite, revise, modify, or amend the statutory language of 28 U.S.C. § 2241 by adding the words "savings clause" and "inadequate or ineffective" from Title 28 U.S.C. § 2255, to the statutory language of 28 U.S.C. § 2241 as a requirement before a habeas corpus motion can be filed under § 2241. No such statutory language is stated in § 2241, nor does there exist a requirement to show that a motion pursuant to 28 U.S.C. § 2255 is inadequate or ineffective prior to filing a habeas corpus motion pursuant to § 2241. Of most importance § 2241 contains no so-called savings clause.

(Doc. 17 at 7). Eleventh Circuit case law and precedent is clear: before a prisoner may avail himself of the § 2241 remedy, all three *Wofford* criteria must be met. *See e.g. Hawk-Sawyer*, 405 F.3d at 945 (holding that the three *Wofford* requirements must be met in order to "open a portal" to a § 2241 proceeding); *Sanders v. United States*, 349 Fed. Appx. 465, 466 (11th Cir. 2009) ("A petitioner may not argue issues raised in his petition until he has 'open[ed] the portal' to § 2241 by demonstrating that the savings clause apples."). This Court is not at liberty to ignore binding precedent in favor of what Petitioner views as a better line of reasoning regarding the availability of § 2241 to attack sentencing errors.

Petitioner argues that § 2241 is available to a petitioner "so long as he has filed a motion pursuant to 28 U.S.C. § 2255 in the first instance for the relief he seeks." (Doc. 17 at 6). Petitioner appears to misapprehend the importance of 28 U.S.C. § 2255. Section 2255 is not merely a proceeding through which a petitioner must pass in order to obtain consideration of a § 2241 habeas corpus petition by the court in the detaining district. Rather, it is the *exclusive* remedy, absent unusual circumstances, for petitioners seeking to attack their sentences. *See* 28 U.S.C. § 2255(e); *United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990). Moreover, by its very definition, § 2255 is the appropriate vehicle for a petitioner seeking to attack the length of his sentence. Section 2255 provides relief for federal prisoners on "the ground that the sentence was imposed in violation of the Constitution or laws of the

United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.  In the instant petition, Petitioner argues that his sentence was contrary to the "laws of the United States" and that the sentencing court was "without jurisdiction to impose [his] sentence."  Clearly, § 2255 is the appropriate statute for relief.

When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission from the appropriate court of appeals before filing a successive § 2255 motion. *In re Blackshire,* 98 F.3d 1293, 1293 (11th Cir.1996).  Federal prisoners cannot avoid the procedural restrictions on successive  § 2255 motions by simply changing the caption on their petition to § 2241.  A prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a); that is, claims concerning execution of his sentence, which Petitioner has not done, or when the claims raised in a § 2241 petition fall within the savings clause of § 2255 (e), which the instant claims do not. *See Bishop v. Reno*, 210 F.3d 1295, 1304 (11th Cir. 2000) (challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241).  Petitioner's argument that this Court is not bound by *Wofford* is without merit.

## III.    Conclusion

In sum, Petitioner cannot satisfy the three-pronged test set forth in *Wofford*, and the savings clause of § 2255(e) does not apply to his claims.  Therefore, Petitioner's collateral attack on his federal conviction must be treated as a § 2255 petition.  Because, Petitioner has previously filed a § 2255 petition and has not received permission from the Eleventh Circuit to file another, the instant action is a successive petition, and this Court is without jurisdiction to consider it.  Consequently, the instant petition must be dismissed.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The 28 U.S.C. § 2241 (Doc. 1) petition filed by Osvaldo Rubio is **DISMISSED** as an improper filing under § 2241.

2. The Clerk is directed to enter judgement against Rubio, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Ocala, Florida, this 9th day of May, 2012.

_____

UNITED STATES DISTRICT JUDGE

Copies to:

OrlP-4 5/9
Osvaldo Rubio